IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | |
|---|---|
| DEJA FINLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SHEREE TINGEN | ) |
| | ) |
| and | ) |
| | ) |
| ATLANTIC BULK CARRIER, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## NOTICE OF REMOVAL

Defendants Atlantic Bulk Carrier Corporation (hereinafter "Atlantic") and Sheree Tingen (collectively with Atlantic, "Defendants"), by counsel, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, 1653 hereby file their Notice of Removal of this action to the U.S. District Court for the Northern District of Illinois. This action was originally filed in the Circuit Court of the First Judicial Circuit, Cook County, Illinois. As addressed below, this Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is diversity of citizenship among the parties, and from the face of the Complaint, information derived from discussion with Plaintiff's counsel, and other sources, the amount in controversy exceeds $75,000, exclusive of interest and costs, in connection with Plaintiff's alleged injury. In further support of Removal, Defendants state as follows:

1. On or about October 14, 2021, Plaintiff commenced this action by filing a Complaint in Circuit Court of the First Judicial Circuit, Cook County, Illinois. Plaintiff's Complaint is attached as **Defendant's Exhibit 1**.

2. Plaintiff's Complaint was assigned Case No. 2021-L-010110 in Circuit Court of the First Judicial Circuit, Cook County, Illinois. *Id*.

3. Plaintiff's Complaint alleges personal injuries after a motor vehicle accident on or about May 22, 2021. *Id.*

4. Plaintiff alleges negligence against driver and Ms. Tingen, and vicarious liability against Atlantic. *Id.*

5. On or about October 27, 2021, Plaintiff caused service of the Summons and Complaint to be effected on both Atlantic and Ms. Tingen.

6. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C § 1441(a).

7. The United States District Court for Northern District of Illinois, Eastern Division embraces the Circuit Court of the First Judicial Circuit, Cook County, Illinois.

8. The federal district court has original jurisdiction of this matter pursuant to the diversity statute, 28 U.S.C. § 1332(a). "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between — (1) citizens of different States. . . ." 28 U.S.C. § 1332(a).

9. Plaintiff is a natural person who, upon information and belief, is domiciled in the State of Illinois. Plaintiff is, therefore, an Illinois citizen.

10. Ms. Tingen is a natural person domiciled in the Commonwealth of Virginia. Ms. Tingen is, therefore, a Virginia citizen.

11. Atlantic is a corporation organized and existing under the laws of the

Commonwealth of Virginia, with its principal place of business in Providence Forge, Virginia. A corporation is a citizen of the state in which it is incorporated and the state in which its principal place of business is located. 28 U.S.C. § 1332(c)(1). Atlantic is, therefore, a Virginia citizen, and it is not a citizen of any other State.

12. The citizenship between Plaintiff and Defendants is diverse and, therefore, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

13. Plaintiff's Complaint seeks judgment seeks judgment "in excess of Fifty-Thousand Dollars ($50,000.00)" against Ms. Tingen in Count I, and judgment "in excess of Fifty-Thousand Dollars ($50,000.00)" against Atlantic in Count II. (Def.'s Exh. 1.)

14. "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a) [28 USCS § 1332(a)], the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy[.]" 28 U.S.C. §1446(c)(2)

15. If defendants are jointly liable, a party may aggregate the amount against the defendants to meet the $75,000 minimum. *Middle Tennessee News Co. v. Charnel of Cincinnati, Inc.*, 250 F.3d 1077, 1081 (7th Cir. 2001).

16. Plaintiff has made two separate joint claims in excess of $50,000 and, therefore, the amount in controversy, exclusive of interest and costs, in this matter exceeds $75,000. (Def's Exh. 1.)

17. Where state law allows for recovery in excess of the amount sued for, as Illinois law does, removal is appropriate where the court finds, by a preponderance of the evidence, that the amount in controversy requirement is satisfied. 28 U.S.C. § 1446(c)(2)(A)-(B)

18. Defendants' good faith estimate is that the amount in controversy, exclusive of interest and costs, in this matter exceeds $75,000. (If little information is provided as to the value

of a plaintiff's claims from the onset by plaintiff who is "the master of the complaint," a court can find, that a defendant's "good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006) (*citing Rubel v. Pfizer, Inc.*, 361 F.3d 1016, 1020 (7th Cir. 2004)). *See* Memorandum of Law in Support of Defendants' Notice of Removal, attached hereto and incorporated herein.

19. "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . ." 28 U.S.C. § 1446(b)(1).

20. This Notice of Removal was filed within thirty (30) days after the Clerk's notice of service of Plaintiff's Complaint and was therefore timely.

21. "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

22. Both Defendants join in the removal of the action, while reserving affirmative defenses related to service and process of service.

23. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served in the Circuit Court of the First Judicial Circuit, Cook County, Illinois case were previously submitted to the court.

24. A Notice of Filing of Notice of Removal, attaching a copy of this Notice of Removal, was previously filed with the Clerk of the Circuit Court of the First Judicial Circuit, Cook County, Illinois and served on Plaintiff's counsel as required by 28 U.S.C. § 1446(d).

25. By filing this Notice of Removal, Defendants do not waive any defenses, including without limitation, failure to state a claim, lack of personal jurisdiction, improper venue or forum, all defenses specified in Fed. R. Civ. P. 12, or any other defense.

26. Defendants respectfully submit herewith a memorandum in support of the position that this case is removable. If any additional questions arise regarding the propriety of removal of this action, Defendants respectfully request the opportunity to present oral argument in support of the position that the case is removable, and to conduct limited discovery related to the facts that support removal.

WHEREFORE, Defendants respectfully remove this action from Circuit Court of the First Judicial Circuit, Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division.

        Respectfully submitted,

        **ATLANTIC BULK CARRIER**
        **CORPORATION and SHEREE TINGEN**

        /s/ Daniel J. Mohan
        ONE OF THEIR ATTORNEYS

C. Stephen Setliff (*pro hac application to follow removal*)
Kevin T. Streit (*pro hac application to follow removal*)
SETLIFF LAW, P.C.
4940 Dominion Boulevard
Glen Allen, Virginia 23060
Telephone: (804) 377-1260
Facsimile: (804) 377-1280
Email: ssetliff@setlifflaw.com
      kstreit@setlifflaw.com
*Counsel for Defendants*

Daniel J. Mohan (*acting as local counsel*)
Kerry M. Mohan (*acting as local counsel*)
Daley Mohan Groble, P.C.
55 West Monroe Street, Suite 1600
Chicago, Illinois 60603
Telephone: (312) 422-9999
Facsimile: (312) 422-5370
Email: mohan@daleymohan.com
kmohan@daleymohan.com
*Local Counsel for Defendants*

## CERTIFICATE OF SERVICE

I, Daniel J. Mohan, an attorney, hereby certify that on November 19th, 2021, I caused the foregoing **Notice of Removal** to be served upon all parties of record in the originating Cook County, Illinois case via email as follows:

*Counsel for Plaintiff*
Thomas Rich
Kristina Cooksey
Michelle Rich
Erin Chappell
Caitlin Rich
Rich, Rich, Cooksey & Chappell, P.C.
team@rrccfirm.com

/s/ Daniel J. Mohan
Daniel J. Mohan

STATE OF ILLINOIS

IN THE CIRCUIT COURT OF THE __FIRST__ JUDICIAL CIRCUIT

__COOK__ COUNTY

FILED DATE: 10/14/2021 10:55 AM 2021L010110

2021L010110

DEJA FINLEY

VS

SHEREE TINGEN
and
ATLANTIC BULK CARRIER,
a corporation,

Plaintiff(s) | Defendant(s)

Classification Prefix _____ Code _____ Nature of Action _____ Code _____

TO THE SHERIFF: SERVE THIS DEFENDANT AT:

Pltf. Atty. Rich, Rich, Cooksey & Chappell, P.C. Code _____
Address: 6 Executive Drive, Suite 3
City: Fairview Heights, IL 62208 Phone: 618-632-0044
Add. Pltf. Atty. _____ Code _____

NAME (GARY SHORT)

ADDRESS
6612 WESTHAM STATION RD.

CITY & STATE
RICHMOND, VA 23229

**SUMMONS**

To the above named defendant(s). . . . . . :

☐ A. You are hereby summoned and required to appear before this court at (court location) _____ at _____ M. On _____ 20 ___ to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may be taken against you for the relief asked in the complaint.

☒ B. You are hereby summoned and required to file an answer in this case or otherwise file your appearance, in the office of the Clerk of this court, within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, judgment or decree by default may be taken against you for the relief prayed in the complaint.

TO THE OFFICER:
This summons must be returned by the officer or other person to whom it was given for service, with indorsement thereon of service and fees if any, immediately after service. In the event that paragraph A of this summons is applicable this summons may not be served less than three days before the day of appearance. If service cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

WITNESS, _____ 20 _____
10/14/2021 10:55 AM IRIS Y. MARTINEZ

**SEAL**

BY DEPUTY: _____ Clerk

DATE OF SERVICE _____ 20 _____
(To be inserted by officer on copy left with defendant or other person)

RBP/503 (818) 277-4109

**EXHIBIT 1**

FILED
10/14/2021 10:55 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
15200627

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
COOK COUNTY, ILLINOIS

| | |
|---|---|
| DEJA FINLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | NO: 2021L010110 |
| ) | |
| SHEREE TINGEN ) | |
| and ) | |
| ATLANTIC BULK CARRIER, ) | |
| a corporation, ) | |
| ) | |
| Defendants. ) | |

## AFFIDAVIT

Now come Rich, Rich, Cooksey, and Chappell, attorneys for the Plaintiff in the above titled action and at the time of the filing of this Complaint have reasonable grounds to believe that the damages to the Plaintiff as a result of the injuries sustained herein will be in excess of Fifty Thousand Dollars ($50,000.00).

10/14/21
Date

BY: RICH, RICH, COOKSEY & CHAPPELL, P.C.
Mr. Thomas C. Rich #06186229
Mrs. Kristina D. Cooksey #6299549
Mrs. Michelle M. Rich #6310004
Mr. Aaron J. Chappell #6311028
Ms. Caitlin Rich #6334176
Attorneys at Law
6 Executive Drive, Suite 3
Fairview Heights, IL 62208
618-632-0044 PHONE
618-632-9749 FAX
team@rrccfirm.com

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
COOK COUNTY, ILLINOIS

FILED
10/14/2021 10:55 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
15200627

| | |
|---|---|
| DEJA FINLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) NO: 2021L010110 |
| | ) |
| SHEREE TINGEN | ) |
| and | ) |
| ATLANTIC BULK CARRIER, | ) |
| a corporation, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

### COUNT I
(Negligence)
Deja Finley v. Sheree Tingen

Now comes the Plaintiff, Deja Finley, by and through her attorneys, Rich, Rich, Cooksey, and Chappell, P.C., and for her cause of action against the Defendant, Sheree Tingen, respectfully represents unto the Court as follows:

1. That on May 22, 2021, the Plaintiff was operating a motor vehicle traveling Southbound on the exit ramp of Lake Shore Drive and attempting to make a right hand turn to travel westbound onto Oakwood Boulevard in Chicago, Illinois.

2. That on May 22, 2021, the Defendant, Sheree Tingen, was operating a motor vehicle traveling Southbound on the exit ramp of Lake Shore Drive and attempting to make a right hand turn to travel westbound onto Oakwood Boulevard in Chicago, Illinois.

3. That at said time and place, the vehicle operated by the Defendant, Sheree Tingen, improperly entered into Plaintiff's lane of travel, and struck the driver side of Plaintiff's vehicle.

4. That at said time and place, the Defendant committed one or more of the following acts of negligence and/or omissions which directly and proximately caused the collision to occur:

    a. The Defendant failed to keep a proper lookout for other vehicles then and there rightfully upon said roadway and particularly the vehicle of the Plaintiff;

    b. The Defendant drove her vehicle in such a manner as to cause it to strike the driver side of the Plaintiff's vehicle;

    c. The Defendant improperly entered Plaintiff's lane of travel in violation of 625 ILCS 5/11-709(a);

    d. The Defendant failed to properly apply the brakes of her vehicle;

    e. The Defendant operated her vehicle at an excessive rate of speed which was greater than was reasonable and proper having regard for the traffic then and there upon said highway and the condition of said highway, contrary to the provisions of 625 ILCS 5/11-601; and

    f. The Defendant improperly attempted to drive her commercial vehicle onto Lakeshore Drive, in contravention to Chicago Municipal Traffic Ordinance Chapter 9-72-020.

5. That as a direct and proximate result of one or more of the foregoing acts of negligence and/or omissions of the Defendant, Sheree Tingen, the Plaintiff was injured in one or more of the following ways:

    a. The Plaintiff was made sick, sore, lame, disordered and disabled and suffered extensive injuries to her head, body, and limbs, both internally and externally;

    b. The Plaintiff received injuries to her neck;

    c. The Plaintiff received injuries to her left shoulder;

    d. The Plaintiff received injuries to her back;

    e. The Plaintiff received injuries to the soft tissues of the cervical, shoulder, and lumbar area, including the muscles, ligaments, tendons and nerves;

    f. The Plaintiff has expended money for necessary medical care, treatment and services and will be required to expend money for medical care, treatment and services in the future;

g. The Plaintiff has suffered disability as a result of her injuries;

h. The Plaintiff has experienced pain and suffering and will be reasonably certain to experience pain and suffering in the future as a result of the injuries; and

i. The Plaintiff has lost money from the loss of wages and will suffer an impairment of future earning capacity.

WHEREFORE, the Plaintiff, Deja Finley, prays judgment against the Defendant, Sheree Tingen, for a fair and just award in excess of Fifty Thousand Dollars ($50,000.00) plus costs of this suit.

## COUNT II
(Negligence)
Deja Finley v. Atlantic Bulk Carrier, a corporation,

Now comes the Plaintiff, Deja Finley, by and through her attorneys, Rich, Rich & Cooksey, P.C., and for her cause of action against the Defendant, Atlantic Bulk Carrier, a corporation, respectfully represents unto the Court as follows:

1. That on May 22, 2021, the Plaintiff was operating a motor vehicle traveling Southbound on the exit ramp of Lake Shore Drive and attempting to make a right hand turn to travel westbound onto Oakwood Boulevard in Chicago, Illinois

2. That on May 22, 2021, the Defendant, Atlantic Bulk Carrier, a corporation, by and through its agent and employee, Sheree Tingen, was operating a motor vehicle traveling Southbound on the exit ramp of Lake Shore Drive and attempting to make a right hand turn to travel westbound onto Oakwood Boulevard in Chicago, Illinois.

3. That at said time and place, the vehicle operated by the Defendant, Atlantic Bulk Carrier, a corporation, by and through its agent and employee, Sheree Tingen, entered into Plaintiff's lane of travel, and struck the driver side of Plaintiff's vehicle.

4. That at said time and place, the Defendant, by and through its agent and employee,

committed one or more of the following acts of negligence and/or omissions which directly and proximately caused the collision to occur:

 a. The Defendant failed to keep a proper lookout for other vehicles then and there rightfully upon said roadway and particularly the vehicle of the Plaintiff;

 b. The Defendant drove her vehicle in such a manner as to cause it to strike the driver side of the Plaintiff's vehicle;

 c. The Defendant improperly entered Plaintiff's lane of travel in violation of 625 ILCS 5/11-709(a);

 d. The Defendant failed to properly apply the brakes of her vehicle;

 e. The Defendant operated her vehicle at an excessive rate of speed which was greater than was reasonable and proper having regard for the traffic then and there upon said highway and the condition of said highway, contrary to the provisions of 625 ILCS 5/11-601; and

 f. The Defendant improperly attempted to drive her commercial vehicle onto Lakeshore Drive, in contravention to Chicago Municipal Traffic Ordinance Chapter 9-72-020.

5. That as a direct and proximate result of one or more of the foregoing acts of negligence and/or omissions of the Defendant, Atlantic Bulk Carrier, a corporation, by and through its agent and employee, Sheree Tingen, the Plaintiff was injured in one or more of the following ways:

 a. The Plaintiff was made sick, sore, lame, disordered and disabled and suffered extensive injuries to her head, body, and limbs, both internally and externally;

 b. The Plaintiff received injuries to her neck;

 c. The Plaintiff received injuries to her left shoulder;

 d. The Plaintiff received injuries to her back;

 e. The Plaintiff received injuries to the soft tissues of the cervical, shoulder, and lumbar area, including the muscles, ligaments, tendons and nerves;

 f. The Plaintiff has expended money for necessary medical care, treatment and services and will be required to expend money for medical care, treatment and services in the

future;

g. The Plaintiff has suffered disability as a result of her injuries;

h. The Plaintiff has experienced pain and suffering and will be reasonably certain to experience pain and suffering in the future as a result of the injuries; and

i. The Plaintiff has lost money from the loss of wages and will suffer an impairment of future earning capacity.

WHEREFORE, the Plaintiff, Deja Finley, prays judgment against the Defendant, Atlantic Bulk Carrier, a corporation, for a fair and just award in excess of Fifty Thousand Dollars ($50,000.00) plus costs of this suit.

Respectfully submitted,

*/s/ T____ C. R___*

BY: RICH, RICH, COOKSEY & CHAPPELL, P.C.
Mr. Thomas C. Rich #06186229
Mrs. Kristina D. Cooksey #6299549
Mrs. Michelle M. Rich #6310004
Mr. Aaron J. Chappell #6311028
Ms. Caitlin Rich #6334176
Attorneys at Law
6 Executive Drive, Suite 3
Fairview Heights, IL 62208
618-632-0044 PHONE
618-632-9749 FAX
team@rrccfirm.com